```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JAMES A. ANDERSON,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       13-CV-4502(JS)

MARK L. BRADT,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      James A. Anderson, pro se
                    09A6358
                    Attica Correctional Facility
                    P.O. Box 149
                    Attica, NY 14011-0149

For Defendant:      No appearance
```

SEYBERT, District Judge:

On August 1, 2013, incarcerated pro se petitioner James A. Anderson ("Petitioner") filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition is accompanied by an application to proceed in forma pauperis and an application for the appointment of pro bono counsel to represent Petitioner in this case. Upon review of Petitioner's declaration in support of his application to proceed in forma pauperis, the Court finds that Petitioner's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Petitioner's application to proceed in forma pauperis is GRANTED. However, for the reasons that follow, his application for the appointment of pro bono counsel is DENIED.

DISCUSSION

"[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993) (internal quotations and citation omitted). Rather, the appointment of counsel in habeas corpus proceedings is governed by 18 U.S.C. § 3006A(a)(2)(B) which provides, in pertinent part, that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who -- . . . is seeking relief under section . . . 2254 . . . of title 28." 18 U.S.C. § 3006A(a)(2)(B).

A request for the appointment of counsel in a habeas corpus proceeding is analyzed in the same manner as any other application for the appointment of counsel in civil cases pursuant to 28 U.S.C. § 1915(e)(1). Lawson v. Taylor, No. 10-CV-0477 (JS), 2011 WL 839509, at *1 (E.D.N.Y. Mar. 2, 2011). When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1) the threshold inquiry is whether there is substance to the litigant's position. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (holding that the district judge should first determine whether the indigent's position seems likely to be of substance). "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his

2

chances of prevailing are therefore poor." Carmona, 243 F.3d at 632.

If the Court finds that the litigant's claim is of substance, it should next consider the following factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Carmona, 243 F.3d at 632 (holding that "[o]nly after an initial finding that a claim is likely one of substance, will [the court] consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute"). However, those factors are not restrictive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

A district court possesses broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chem. Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Court has reviewed Petitioner's application together with his

3

Petition and finds that the appointment of counsel is not warranted. Even assuming that Petitioner could satisfy the threshold requirement, consideration of the remaining Hodge factors indicate that Petitioner has adequately and competently set forth his claims in his Petition and appears capable of preparing and presenting his case. In addition, the legal issues presented in the Petition do not appear to be particularly complex nor is there a special reason to appoint counsel in this case. Accordingly, Petitioner's motion for appointment of pro bono counsel is DENIED. It is Petitioner's responsibility to retain an attorney or press forward with this case pro se. See 28 U.S.C. § 1654.

## CONCLUSION

Petitioner's application for the appointment of pro bono counsel is DENIED and his application to proceed in forma pauperis is GRANTED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is DENIED for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  13 , 2013
       Central Islip, New York